UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KOVARK BEBERIAN,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 1:20-cv-01533-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br>(Doc. 21)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff George Kovark Beberian ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record and is not based upon proper legal standards. Accordingly, this Court will recommend reversing the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

In connection with the instant action, Plaintiff filed applications for disability insurance benefits and supplemental security income on August 31, 2017. AR 333-36, 337-46. Plaintiff alleged that he became disabled on January 1, 2015, due to anxiety, neck problems, fatigue, sleep apnea, obesity, inability to concentrate, disc bulging, numbness in both legs and radiation down both legs. AR 347,439. Plaintiff's applications were denied initially and on reconsideration. AR 228-31, 238-43. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Shiva Bozarth held a hearing on December 12, 2019. AR 40-86. ALJ Bozarth issued an order denying Plaintiff's application for supplemental security income benefits on April 8, 2020.[2] AR 13-32. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-6. This appeal followed.

### Hearing Testimony

The ALJ held a hearing on December 12, 2019, in Fresno, California. Plaintiff appeared with his attorney, Kamaria Davis. Javier Alabart, Plaintiff's friend, and Paul Stanford, an impartial vocational expert, also appeared and testified. AR 42, 44, 47.

In response to questions from the ALJ, Plaintiff testified that he last worked in 2012. He was self-employed, selling satellite dishes, for less than five months. AR 49, 51. Plaintiff also earned money from driving a limousine for a year, but he did not have any special endorsements or certifications on his driver's license. AR 52-53.

In 2011, Plaintiff did seasonal work on his brother's farm. He opened valves to irrigate the farm, used a backpack blower, and drove a tractor. He did no lifting and no carrying. He spent most

---

[2]   Plaintiff withdrew the request for hearing on the Title II application. Plaintiff also requested amendment of his alleged onset date to the date last insured of June 20, 2015. The ALJ therefore dismissed Plaintiff's Title II application and addressed only Plaintiff's Title XVI application. AR 16.

of the day sitting on the tractor and did not do much walking around.  AR 55-56.  Prior to that, Plaintiff worked for an advertising company driving a sign truck.  AR 57-58.  Plaintiff also worked for Mr. Alabart, driving him around, and lifting and carrying files.  AR 58-59.

Plaintiff testified that he graduated from high school, but he barely got through.  He was 20-years old and graduated on a D level.  AR 59.  Plaintiff currently lives in a house with his sister.  He does not make his own meals or wash dishes, sweep or mop.  When he tries to do something, he gets pains and has to take gabapentin, which helps, but has side effects.  AR 60-61.

When asked about his pain, Plaintiff testified that he cannot feel his arms and hands when he wakes up in the morning.  His sciatic nerve goes all the way down to his legs because the disc is rubbing against the spine.  AR 61-62.  An epidural made him feel better in the upper back.  He has problems with his neck, a narrowing, and needs fusion, a plate with eight screws.  AR 61-62.

Plaintiff testified that if he goes to the grocery store, his sister will get things off the top shelf for him.  He uses an electric cart because has pain after walking for about 10, 15 minutes.  Gabapentin only makes him feel better for a little bit.  However, he can reach above his head if he has taken the medication.  AR 62-64.  Plaintiff further testified that he still drives, but not as far.  If he is sitting for too long, then he will have to stand up or do something to feel better.  AR 65.

When asked about an incident involving a boat, Plaintiff reiterated the story and relayed that he ultimately had to plead guilty to pushing someone.  Plaintiff claimed that he never pushed anyone.  Plaintiff also stated that it really "screwed [him] up mentally," he had to go to a psychiatrist, and he almost had a nervous breakdown from it.  Plaintiff already had anxiety, and he had to take more medication. AR 66-71.

In response to questions from his attorney, Plaintiff rated his current pain as 10 on a scale of 1 to 10.  He explained that the pain was in his mid-spine, radiating down into both legs, and that he could not feel his legs.  AR 71.  Plaintiff testified that he could stand for about 10 minutes and then would need to sit down.   This had been happening for about 15 years and was getting worse.  He also has problems with his neck.  They want him to have surgery.  AR 72.

Plaintiff testified that his back was not the main reason he could not work, and he also has problems requiring him to take medicine to keep him calm and to make him sleep.  He sees a

3

psychiatrist. His memory is getting worse, and he never completes tasks. When he worked on the farm, he damaged the fence and broke something with the tractor, costing his brother more money to keep him on there. Mr. Alabart also fired Plaintiff because he was not following directions. AR 73-74.

Following Plaintiff's testimony, the ALJ and Plaintiff's counsel elicited testimony from Mr. Alabart, who reported that he had known Plaintiff approximately 25 years. According to Mr. Alabart, over the last five to seven years, Plaintiff was impatient, and did things that were incredible. He complained about the smallest things, interrupted constantly, and did "some crazy stuff," like buying a city bus for $400 because he had an extra $400. AR 75-77. Mr. Alabart had Plaintiff evaluated by a neuropsychologist 15 years ago. AR 78. Plaintiff worked for Mr. Alabart carrying boxes, almost on a daily basis, part-time work, up and down stairs, but Mr. Alabart had to fire Plaintiff after about six or seven months because he would not follow instructions. Mr. Alabart asserted that Plaintiff did not get along in society and did not follow directions. He did not know how Plaintiff could possibly hold a job from the emotional standpoint. AR 79-80.

Following Mr. Alabart's testimony, the ALJ elicited testimony from the VE. The VE characterized Plaintiff's past work as a composite of tractor operator and farm worker, fruit II. AR 81-82. The ALJ also asked the VE hypothetical questions. For all of the hypotheticals, the ALJ asked the VE to assume an individual of the same age, education, and work experience as Plaintiff, who was limited to jobs with a reasoning level of one or two. AR 82. For the first hypothetical, the ALJ asked the VE to assume an individual who could lift or carry 20 pounds occasionally, 10 pounds frequently, could stand or walk at least six out of eight hours and sit for at least six out of eight hours, could occasionally climb ramps or stairs, or ladders or scaffolds, could occasionally balance, stoop, kneel, crouch, or crawl, could frequently reach overhead and would be limited to simple routine tasks. The VE testified that such an individual could not perform Plaintiff's past work, but there would be other work in the national economy for such an individual, such as ticket seller, sales attendant, and parking lot attendant. AR 82-83.

For the second hypothetical, the ALJ asked the VE to assume an individual who could lift or carry 20 pounds occasionally, 10 pounds frequently, could stand or walk at least six out of eight hours,

4

could occasionally climb ramps or stairs, could never climb ladders or scaffolds, could occasionally stoop or kneel, could never crouch or crawl, could frequently reach overhead, could never work in extreme humidity, heat, or cold and would be limited to simple and routine tasks. The VE testified that the previously cited jobs would still be available for such an individual. AR 83.

For the third hypothetical, the ALJ asked the VE to assume an individual who could lift or carry 20 pounds occasionally, 10 pounds frequently, could stand or walk for four hours in an eight-hour day, could sit for at least four hours in an eight-hour day, could never climb ladders or scaffolds, could frequently climb ramps or stairs, could frequently balance, stoop, kneel, or crouch and would be limited to simple and routine tasks. The VE testified that there would not be work in the national economy for such an individual at the sedentary level. AR 83. The VE further testified that there would not be any work in the national economy for an individual who needed to be reminded to stay on task once per half hour by a supervisor. AR 84

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 16-32. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 31, 2017, his alleged onset date. The ALJ identified the following severe impairments: degenerative disc disease (DDD), obstructive sleep apnea (OSA), obesity, learning disorder, and adjustment disorder with depressed mood. AR 19. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 19-22.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally, 10 pounds frequently, could sit and stand/walk for at least six hours out of eight hours, could occasionally climb ramps and stairs, stoop, and kneel, but could never climb ladders, ropes, or scaffolds, crouch or crawl, could frequently reach overhead, could never work in extreme humidity, heat, or cold, and could perform simple

routine tasks. AR 22-29. With this RFC, the ALJ found that Plaintiff could not perform his past relevant work, but he could perform other work existing in significant numbers in the national economy, such as ticket seller, sales attendant, and parking lot attendant. AR 29-31. The ALJ therefore concluded that Plaintiff was not disabled. AR 31-32.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The

burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

### **DISCUSSION**[3]

Plaintiff contends that the ALJ erred by (1) failing to offer clear and convincing reasons for discounting Plaintiff's subjective complaints; and (2) failing to assess the opinion of examining physician, Dr. Lakshmanaraju Raju. (Doc. 21 at 1.)

**A. Plaintiff's Subjective Testimony**

Plaintiff contends that because the examining medical providers, specifically Dr. Dale Van Kirk, lacked access to all of Plaintiff's medical imaging, Plaintiff's subjective complaints were the strongest basis for formulating the RFC, and his additional limitations should have been included in the RFC. (Doc. 21 at 4.) Plaintiff claims the ALJ erred by failing to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective complaints. (*Id.* at 7.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 23. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

The only clear reason provided by the ALJ to discount Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms was that "they were inconsistent with the

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

7

record." AR 23. Although it is a factor that the ALJ can consider, lack of supporting medical evidence cannot form the sole basis for discounting pain and symptom testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (holding ALJ may not disregard claimant's testimony "solely because it is not substantiated by objective medical evidence"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[S]ubjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence...."). *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]."). In this case, the ALJ found that Plaintiff's allegations that he could not work due to back and neck pain and mental health issues, as well as his inability to work more than 15 minutes, "did not synchronize with the record." AR 23. The ALJ then summarized the treatment and medical records but cited no other reason for discounting Plaintiff's subjective complaints.

Defendant suggests that the ALJ also discounted Plaintiff's subjective complaints based on "reportedly improved symptoms with conservative treatment measures such as physical therapy and medication." (Doc. 22 at 9.) Despite Defendant's suggestion, the ALJ did not specifically discount Plaintiff's statements based on improved symptoms or conservative treatment. While the ALJ mentions two or three physical therapy treatment records where Plaintiff reported "feeling better" or "doing better" (AR 1327, 1329, 1373), and an isolated treatment record in December 2018 in which Plaintiff reported "feeling good" and rated his pain at 3/10 (AR 1331), no specific correlation is made from these records to Plaintiff's subjective complaints. AR 25. The Court finds that the ALJ's summary of the treatment records, without more, is not a sufficient reason to discount Plaintiff's testimony. *See e.g.*, *Corpuz v. Saul*, No. 2:19-cv-02401 AC, 2021 WL 795582, at *9 (E.D. Cal. Mar. 2, 2021) (finding ALJ did not provide clear and convincing reason to reject pain testimony where ALJ only mentioned in passing conservative treatment and gaps in treatment, but no specific correlations were made to tie this conclusory statement to plaintiff's actual pain testimony.") The Court is constrained to review only those reasons that the ALJ asserts. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

8

For this reason, the Court finds that the ALJ did not adequately address Plaintiff's subjective testimony and should reconsider the testimony on remand.

### B. Remedy

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is recommended, the Court declines to address Plaintiff's remaining arguments concerning whether the ALJ properly evaluated the opinion Dr. Raju, which can be addressed on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan,* 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

### **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, IT IS HEREBY RECOMMENDED that the decision be reversed, and the case be remanded to the ALJ for further proceedings consistent with the Court's recommendation.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2022**              /s/ Barbara A. McAuliffe           _
                                          UNITED STATES MAGISTRATE JUDGE